IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DWYER INSTRUMENTS INC | ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| WAL-MART.COM USA, LLC and TASHARINA CORP. | ) ) ) |
| Defendants. | ) ) ) ) |

**COMPLAINT FOR COUNTERFEITING, TRADEMARK
INFRINGEMENT, AND UNFAIR COMPETITION**

Plaintiff DWYER INSTRUMENTS INC, for their Complaint against Defendants WAL-MART.COM USA, LLC, and TASHARINA CORP., states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this Complaint by virtue of Title 28 U.S.C. §§1331, 1332 and 1338, and under its supplemental jurisdiction of 28 U.S.C. §1367, the Counts of which concern acts of counterfeiting, trademark infringement and trade dress infringement under the Lanham Act, 15 U.S.C. §§1114 and 1125(a), and unfair competition under the common law of Indiana.

2. Venue is proper in this District under 28 U.S.C. § 1391.

**THE PARTIES**

3. Plaintiff Dyer Instruments Inc ("Plaintiff" or "Dwyer") is an Indiana corporation, having a principal place of business at 102 Indiana Hwy 212, Michigan City, IN, 46360 – 0373.

4.      Defendant Wal-mart.com USA, LLC ("Walmart") is a California company and has a principal place of business at 702 SW 8th Street, Bentonville, AR, 72716 and a California office address at 850 Cherry Avenue, San Bruno California, 94066.

5.      Upon information and belief, Defendant Wal-mart.com USA, LLC is a subsidiary of Wal-Mart Stores, Inc, A Delaware corporation having a principal place of business at 702 SW 8th Street, Bentonville AR, 72716.

6.      Defendant Tasharina Corp. ("Tasharina") is a California corporation and has a principal place of business at 3373 Filomena Ct, Mountain View, California, 94040.

7.      This Court has personal jurisdiction over Defendants by virtue of, amongst other bases, their engagement in tortious acts within this judicial district.  Defendants have and continue to offer for sale and sell products via the Internet within this District and ship products to this District.

## NATURE OF THE ACTION

8.      This is an action for counterfeiting and infringement of registered trademarks in violation of the Trademark Act of 1946, 15 U.S.C. § 1114; trade dress infringement in violation of the Trademark Act of 1946, 15 U.S.C. § 1125(a); the use of false designations of origin and false and misleading descriptions and representations in violation of the Trademark Act of 1946, 15 U.S.C. § 1125(a); and unfair competition under Indiana common law.

## FACTS

9.      Dwyer is a leading manufacturer of high quality industrial gages and controls.

10.     Dwyer's gages and controls are manufactured in accordance with strict quality control standards, enabling Dwyer to establish and maintain, over many years, a reputation amongst consumers for quality, accuracy, and reliability.

11.     Plaintiff Dwyer has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting its trademarks (hereinafter "Dwyer trademarks").  As a result, products bearing the Dwyer trademarks have developed widespread recognition and secondary meaning both within the State of Indiana as well as throughout the world; all of which has and continues to inure to Plaintiffs' substantial benefit.  To protect its reputation and product investments, Plaintiff Dwyer filed for and obtained Federal Trademark Registrations for some of its marks.

12.     On June 2, 1992, Plaintiff received United States Trademark Registration No. 1689997 for the MAGNEHELIC  mark, for use with  pressure gauges and indicating transmitters; namely, differential pressure gauges equipped for visual monitoring of differential pressures and wired for generation of a control signal for controlling such pressures, a copy of which is attached as Exhibit A.  The MAGNEHELIC mark was first used by Dwyer in 1949.  The MAGNEHELIC mark has come to represent an extremely valuable asset belonging to Plaintiff.

13.     On March 18, 2008, Plaintiff received United States Trademark Registration No. 3397050 for the gage lens design mark, for use with Pressure gages and differential pressure gages, a copy of which is attached as Exhibit B.  The gage lens mark was first used by Dwyer in 1962.  The gage lens mark has come to represent an extremely valuable asset belonging to Plaintiff.

14.     The registration of the Dwyer trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Plaintiff's exclusive right to use the marks in connection with the goods identified therein and other commercial goods.

15.     The registration of the Dwyer trademarks also provides effective notice to Defendants of Plaintiff's ownership and exclusive rights in the Dwyer trademarks.

16. The Dwyer trademarks at issue in this action has been continuously used and has never been abandoned.

17. Plaintiff has for a long time, throughout the United States, sold a line of gages having aesthetic design elements which are unrelated to the functioning of the gage. The design element includes a plurality of horizontal lines and a raised rectangular portion on the lens of the gage.

18. The aesthetic design of the gage lens is a trade dress of Plaintiff which is distinctive, and which the consuming public has come to recognize as identifying authentic products of Plaintiff and distinguishing Plaintiff's products from the products of others.

19. Upon information and belief, Defendants engage in the marketing and distribution of products, including differential pressure gages. Attached as Exhibit C is a printout of a webpage showing one of the Tasharina differential pressure gages being offered for sale at Walmart.com.

20. Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling and/or offering for sale products bearing logos and source-identifying indicia that are counterfeits and/or imitations of the Dwyer trademarks, and/or Plaintiff's trade dress in its gage lens design.

21. Upon information and belief, Defendants have been aware, since prior to the acts complained of herein, of the vast goodwill represented and symbolized in the Dwyer trademarks, Plaintiff's trade dress in its gage lens design, as well as the public recognition and reliance upon the Dwyer trademarks, and/or Plaintiff's trade dress in its gage lens design, as identifying authentic products of Plaintiff and distinguishing Plaintiff's products from the products of others.

22. Notwithstanding their aforesaid knowledge, upon information and belief, Defendants have intentionally misappropriated the Dwyer trademarks, the trade dress, and the goodwill associated with each of them.

23. Upon information and belief, rather than developing their own trademarks and aesthetic designs, Defendants have offered for sale and sold counterfeits and/or imitations (hereinafter "Infringing Products") of one or more of Plaintiff's gages.  Exhibits D and E hereto illustrate Infringing Products offered for sale and sold by Defendants, and shipped into this Judicial District by Defendant Tasharina, which exactly duplicate the registered gage lens design mark and trade dress of Plaintiff, or use a mark that is confusingly similar to Plaintiff's registered MAGNHELIC mark.

24. Upon information and belief, Defendants have offered, and continue to offer, Infringing Products for sale.

25. Plaintiff has been damaged and is likely to be further damaged by Defendants' wrongful use of the Dwyer trademarks and Plaintiff's trade dress in its gage lens design, or any reproduction, counterfeit, copy or colorable imitation thereof, in that the purchasing public is likely to be induced into purchasing Defendants' goods in the erroneous belief that they are Plaintiff's authentic goods or that Defendants' goods are endorsed, sponsored or approved by Plaintiff, which they are not.

26. Defendants have profited from their wrongful conduct by selling Infringing Products to persons in the United States who otherwise would have purchased other gages, such as Plaintiff's gages, and also by trading on the recognition and goodwill that Plaintiff has developed in its Dwyer trademarks and/or its trade dress.

## COUNT I

## <u>FEDERAL TRADEMARK INFRINGEMENT</u>

27. This Count of the Complaint arises under an action for damages and injunctive relief pursuant to a violation of the federal laws on trademark infringement of registered marks, particularly the Lanham Act, 15 U.S.C. §1114(a).

28. Plaintiff holds all right, title and interest in and to the following enforceable federal trademark registration: U.S. Reg. No. 1689997 for the mark MAGNEHELIC.

29. U.S. Trademark Registration No. 1689997 is in full force and effect and comprises *prima facie* evidence of the validity of the MAGNEHELIC trademark, of Plaintiff's exclusive right to use the trademark in commerce and interstate commerce, and as constructive notice of Plaintiff's claim of exclusive right thereto under 15 U.S.C. §§ 1057, 1072 and 1115.

30. The MAGNEHELIC mark is associated in the minds of the public and consumers with Plaintiff.

31. Defendants' use of counterfeit and/or infringing symbols, logos, likenesses and images is likely to cause, and has caused, confusion in the minds of the public, leading the public to believe that the Infringing Products emanate or originate from Plaintiffs and/or that Plaintiffs have approved, sponsored or otherwise associated itself with Defendants' Infringing Products, which is false.

32. Defendants' conduct is intended to exploit the goodwill and reputation associated with the MAGNEHELIC mark and to take a competitive advantage without expenditure of resources, by a strategy of willful infringement.

33. Plaintiff has no control over the quality of the Infringing Products sold by Defendants. Because of the likelihood of confusion as to the source of Defendants' products, Plaintiff's valuable goodwill in its trademark is at the mercy of Defendants.

34. Defendants' knowing misappropriation, misuse and infringement of the MAGNEHELIC mark, Plaintiff's trade dress and Plaintiff's design elements substantially indistinguishable therefrom and/or likely to cause confusion therewith, is in willful and wanton disregard of Plaintiff's rights and without the approval or consent of Plaintiff.

35. Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Plaintiff.

36. Plaintiff has no adequate remedy at law.

37. As a result of Defendants' actions, Plaintiff has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT II

## FEDERAL TRADEMARK INFRINGEMENT

38. This Count of the Complaint arises under an action for damages and injunctive relief pursuant to a violation of the federal laws on trademark infringement of registered marks, particularly the Lanham Act, 15 U.S.C. §1114(a).

39. Plaintiff holds all right, title and interest in and to the following enforceable federal trademark registration: U.S. Reg. No. 3397050 for the gage lens design mark.

40. U.S. Trademark Registration No. 3397050 is in full force and effect and comprises *prima facie* evidence of the validity of the gage lens design mark, of Plaintiff's exclusive right to use the trademark in commerce and interstate commerce, and as constructive notice of Plaintiff's claim of exclusive right thereto under 15 U.S.C. §§ 1057, 1072 and 1115.

41. The gage lens design mark is associated in the minds of the public and consumers with Plaintiff.

42. Defendants' use of counterfeit and/or infringing symbols, logos, likenesses and images is likely to cause, and has caused, confusion in the minds of the public, leading the public to believe that the Infringing Products emanate or originate from Plaintiffs and/or that Plaintiffs have approved, sponsored or otherwise associated itself with Defendants' Infringing Products, which is false.

43. Defendants' conduct is intended to exploit the goodwill and reputation associated with the gage lens design mark and to take a competitive advantage without expenditure of resources, by a strategy of willful infringement.

44. Plaintiff has no control over the quality of the Infringing Products sold by Defendants. Because of the likelihood of confusion as to the source of Defendants' products, Plaintiff's valuable goodwill in its trademark is at the mercy of Defendants.

45. Defendants' knowing misappropriation, misuse and infringement of the gage lens design mark, Plaintiff's trade dress, and Plaintiff's design elements substantially indistinguishable therefrom and/or likely to cause confusion therewith, is in willful and wanton disregard of Plaintiff's rights and without the approval or consent of Plaintiff.

46. Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Plaintiff.

47. Plaintiff has no adequate remedy at law.

48. As a result of Defendants' actions, Plaintiff has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT III

## TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

49. This Count of the Complaint arises under an action for trade dress infringement under the Lanham Act, 15 U.S.C. § 1125(a).

50. Plaintiff's gages have been marketed and sold throughout the United States for many years, and have become a highly successful product line for Plaintiffs. Over that time, Plaintiff has built up large and valuable good will in the trade dress of these gages. Plaintiff's gages have a distinctive appearance that has become impressed upon the minds of consuming public as identifying the Plaintiff as the gage's source of origin, such that Plaintiff's trade dress has achieved secondary meaning amongst consumers.

51. The aforesaid acts of the Defendants, including their slavish copying of Plaintiff's gage lens design, constitute the willful and wanton infringement of Plaintiff's trade dress rights in and to the product configuration of the gages, in violation of 15 U.S.C. § 1125(a).

52. Defendants' aforesaid acts of intentional trade dress infringement have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Plaintiff.

53. Plaintiff have no adequate remedy at law.

54. As a result of Defendants' actions, Plaintiff has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT IV
## FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, FALSE AND MISLEADING REPRESENTATIONS AND TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

55. This Count of the Complaint arises under an action for damages and injunctive relief pursuant to a violation of the federal laws on unfair competition, false designation of origin, false and misleading representations and trademark infringement, particularly the Lanham Act, 15 U.S.C. §1125(a).

56. The aforesaid acts of Defendants constitute the use in commerce in connection with the Defendants' goods of false designations of origin, false or misleading descriptions and representations in violation of 15 U.S.C. § 1125(a).

57. The aforesaid acts of the Defendants constitute the willful and wanton infringement of Plaintiffs' rights in and to the Dwyer trademarks, Plaintiff's trade dress and Plaintiff's design elements in violation of 15 U.S.C. § 1125(a).

58. Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Plaintiff.

59. Plaintiffs have no adequate remedy at law.

60. As a result of Defendants' actions, Plaintiff has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

61. This Count of the Complaint arises under an action for unfair competition under the common law.

62.     Defendants' use of the Dwyer trademarks, Plaintiff's trade dress and Plaintiffs' design elements is being done with the intent to palm off Defendants' Infringing Products as originating from or having the sponsorship, affiliation or approval of Plaintiff, and/or in order to trade on the goodwill created by Plaintiff in the trademarks and trade dress.

63.     Defendants' unauthorized use constitutes the common law tort of unfair competition.

64.     The aforesaid acts of Defendants constitute the sale and passing off of their products as Plaintiff's products, the infringement, imitation and misappropriation of the Dwyer trademarks, unjust enrichment, and unfair competition with Plaintiff and/or Plaintiff's authorized retailers, all in violation of Plaintiff's rights at common law.

65.     Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Plaintiff.

66.     Plaintiff has no adequate remedy at law.

67.     Upon information and belief, Defendants' conduct was oppressive, fraudulent, and malicious, entitling Plaintiffs to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.      That Defendants and their agents, servants, employees, attorneys, successors and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns, be preliminarily and permanently enjoined and restrained from directly or indirectly:

(1)     using the Dwyer trademarks, Plaintiff'a trade dress and Plaintiff's design elements, or any reproduction, counterfeit, copy or colorable imitation thereof, in connection with the importation, sale, offer for sale, or distribution of products such as gages;

(2) using the Dwyer trademarks, Plaintiff's trade dress and Plaintiff's design elements or any reproduction, counterfeit, copy or colorable imitation thereof, in any manner likely to cause others to believe that Defendants' products are connected with Plaintiff or are genuine products of Plaintiff;

(3) passing off, inducing, or enabling others to sell or pass off any merchandise which is not genuine merchandise, as genuine merchandise;

(4) making any false or misleading statements regarding Plaintiff or its goods, or the relationship between Plaintiff and Defendants;

(5) committing any other acts calculated to cause actual or prospective purchasers to believe that Defendants' products are genuine products of Plaintiff;

(6) shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of, in any manner, such consumer products falsely bearing the Dwyer trademarks, Plaintiff's trade dress and Plaintiff's design elements, or any reproduction, counterfeit, copy, or colorable imitation of same; and

(7) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (1) through (6).

B. That Defendants and any and all persons controlled by or acting in concert with Defendants be required to deliver to Plaintiff for destruction all goods, packages, and any other written or printed materials that bear or depict the Dwyer trademarks mark, Plaintiff's trade dress and Plaintiff's design elements or any reproduction, counterfeit, copy or colorable imitation thereof, on anything other than genuine products of Plaintiff.

C. That Defendants be required to account to Plaintiff for Defendants' profits from the sale of counterfeit and infringing products and for such sum in addition thereto as the Court shall find just.

D. That this case be found exceptional and Plaintiff awarded their attorney's fees pursuant to 15 U.S.C. § 1117(a).

E. That Plaintiffs recover the damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by Plaintiff, as provided in 15 U.S.C. § 1117(b).

F. That Plaintiff be awarded statutory damages for counterfeiting as provided in 15 U.S.C. § 1117(c), up to $2,000,000 per counterfeit mark, per type of goods.

G. For judgment in a damage amount adequate to compensate Plaintiff for Defendants' acts of state and common law unfair competition and deceptive business practices.

H. That Defendants be required to disgorge their profits and other ill-gotten gains.

I. That Plaintiff have and recover taxable costs of this action, including reasonable attorney's fees and interest.

J. That Plaintiffs be awarded punitive damages in view of Defendants' wanton and deliberate illegal acts committed with oppression, fraud or malice.

K. That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) days after the service of the injunction upon Defendants, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment entered pursuant to this Complaint.

L. That Plaintiff be awarded such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiffs respectfully demands a trial by jury for all of the counts of their COMPLAINT.

DATED:  August 15, 2017             RESPECTFULLY SUBMITTED,

/s/ Peter J. Shakula
Peter J. Shakula
pjshakula@woodphillips.com
WOOD PHILLIPS
500 West Madison Street
Suite 1130
Chicago, IL  60661-2562
(312) 876-1800

*Attorneys for Plaintiff Dwyer Instruments Inc*