# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| DWYER INSTRUMENTS, INC., | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 3:17-CV-636-RLM-MGG |
| WAL-MART.COM USA, LLC, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

On November 6, 2017, Defendants, Tasharina Corp. ("Tasharina") and Wal-Mart.com USA, LLC ("Wal-Mart.com") (collectively "Defendants"), filed their Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404. On November 20, 2017, Plaintiff filed a brief in opposition to Defendants' requested transfer. Defendants' motion became ripe on November 28, 2017, without any reply being filed. Under N.D. Ind. L.R. 7-1(d)(2)(B), the Court allowed Defendants seven days after Plaintiff's response brief was served to file any reply brief. Without leave of court, Defendants nevertheless filed an untimely reply brief on December 1, 2017. While typically the Court does not consider untimely filings, the Court actually considered Defendants' untimely reply brief in this case. As the analysis below shows, however, Defendants' reply brief did not add sufficient factual and legal information to affect the Court's decision to deny the instant motion to transfer.

**I.  RELEVANT BACKGROUND**

Plaintiff is an Indiana corporation with its principal place of business in Michigan City, Indiana, which is located in the Northern District of Indiana. Plaintiff manufactures industrial

gauges and controls, including pressure gauges and indicating transmitters using the trademark MAGNEHELIC, which was registered to Plaintiff in 1992. In 2008, Plaintiff also received trademark registration for a gage lens design mark used with its pressure gauges.

Tasharina is a California corporation with its principal place of business in Mountain View, California, located in the Northern District of California. Tasharina sells assorted commercial goods online through various retailers, including the Walmart Marketplace on Wal-Mart.com. Since 2016, Tasharina has imported and sold pressure gauges that it ordered from a Chinese supplier called Yueqing ZhuoPin Meter Co., Ltd. and conducting business at www.magrfhelic.com. In 2016, Tasharina sold 11 units of the MAGRFHELIC product in 4 separate sales totaling $636.50. None of the 2016 sales were made to Indiana. As a third-party seller on Wal-Mart.com, Tasharina sold 3 units of the MAGRFHELIC product in 2 separate sales—both to Plaintiff in Indiana—totaling $185.08 in 2017. Tasharina still has 22 remaining units of the MAGRFHELIC product in its inventory.

Wal-Mart.com is a California corporation with its principal place of business in San Bruno, California. Wal-Mart.com is a subsidiary of Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas. Even though Wal-Mart Stores, Inc. maintains multiple brick-and-mortar stores throughout the Northern District of Indiana, Wal-Mart.com maintains no facilities in this District. As relevant here, Wal-Mart.com policy allows customers to return products at Wal-Mart stores only if they were sold and shipped by Wal-Mart.com. Items sold and shipped by third-party sellers on the Wal-Mart Marketplace cannot be returned to Wal-Mart stores.

Based upon its registered marks, Plaintiff filed a complaint against Defendants in this Court on August 15, 2017, alleging federal claims of counterfeiting and infringement of

registered trademarks; trade dress infringement; use of false designations or origin; and use of false and misleading descriptions and representations; as well as a state common law claim of unfair competition. Defendants answered on September 22, 2017. This case is currently set for a Rule 16 Preliminary Pretrial Conference on December 7, 2017. The parties' joint proposed discovery plan, as required under Fed. R. Civ. P. 26(f) was due on November 30, 2017. Before that deadline passed, Defendants filed the instant motion to transfer arguing that the convenience of the parties and the interest of justice favors resolution of these claims in the Northern District of California. As of this date, no proposed discovery plan has been filed.

**II.    ANALYSIS**

Pursuant to 28 U.S.C. § 1404(a), a federal district court may transfer any civil action to any other district for the convenience of the parties and witnesses and in the name of justice if venue is proper in both courts. Therefore, transfer analysis involves separate inquiries into (1) proper venue in both the transferor and transferee courts; (2) the convenience of parties and witnesses; and (3) the interest of justice. *Research Automation Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The burden is on the movant to show that transfer is warranted. *Coffee v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). However, the statute allows for a "flexible and individualized" analysis of the unique issues raised in a particular civil action, which therefore places considerable discretion in the transferor court when deciding whether transfer is appropriate. *Research Automation*, 626 F.3d at 977–78 (citing *Stewart Org., Inc. v. Ricoh Corp., et al.*, 487 U.S. 22, 29 (1988)).

Here, no party disputes that venue is proper in both the Northern District of Indiana and the Northern District of California. Therefore, the Court need only consider the convenience of

3

the parties and witnesses and the interest of justice in reaching its decision on Defendants' instant motion.

### A. Convenience of the Parties and Witnesses

In evaluating the convenience element, courts generally consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of witnesses; and (5) the convenience of the parties. *Schumacher v. Principal Life Ins. Co.*, 665 F. Supp. 2d 970, 977 (N.D. Ind. 2009). "The movant . . . has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

#### 1. Plaintiff's Choice of Forum and Situs of Material Events

A plaintiff's choice of forum is entitled to substantial deference, especially when the chosen forum is the plaintiff's home forum. *Am. Commercial Lines, LLC v. Ne. Maritime Inst., Inc.*, 588 F. Supp. 2d 935, 945 (S.D. Ind. 2008). Yet, the plaintiff's choice of forum is not always the controlling factor for the court when the totality of the factors suggests a stronger nexus between the transferee court and relevant events. *Research Automation*, 626 F.3d at 979. Therefore, an analysis of the situs of material events can become intertwined with any analysis of the Plaintiff's choice of forum.

This Court's nexus to this case emanates from Plaintiff's status as an Indiana corporation with its principal place of business in this District, its ownership of the marks at issue, and its receipt of the accused products in this District. Defendants argue, however, that Plaintiff's choice of forum "is far more related to settlement leverage than any convenience or connection to this forum . . . ." [DE 26 at 2]. Furthermore, Defendants allege that Plaintiff "bootstrapp[ed]

its own convenience arguments" by ordering the accused products, having them shipped to this District, and then claiming that its reputation was harmed. [DE 26 at 2].

In support, Defendants note that sales of the accused product in this District are *de minimis* and limited to the two orders placed by Plaintiff. Defendants also contend that Plaintiff has no basis for its allegations of harm to its reputation and consumer confusion—both critical to its claims—because Plaintiff is the only Indiana customer of the accused products. Lastly, Defendants suggest that Plaintiff's damages, if any, can only be minimal and therefore disproportionate to Defendants' costs if forced to litigate far away from their corporate homes and from China, the home of necessary third-party witnesses.

Plaintiff does not dispute the limited scope of Defendants' sales of accused product in this District and Indiana as a whole. Yet, Defendants' other arguments are speculative and unsupported. Defendants appear to be asking the Court to reach a decision on the sufficiency of Plaintiff's allegations and evidence, a substantive matter for which no authority is cited. In addition, Defendants attempt to persuade the Court that Plaintiff's damages can only be minimal with nothing but bald assertions. Similarly, Defendants provide limited information about their potential costs of litigation from which the Court is expected to infer the disproportionality of Defendants' costs.

At the same time, the parties have not identified for the Court what events are sufficiently material to Plaintiff's claims so that the Court determine the "situs" of those events. Nevertheless, the Northern District of Indiana is the place where the intellectual property at issue resides. Arguably, Plaintiff's injury occurred in this District as well. However, the decisions and events behind Defendants' alleged infringement could not have occurred in this District in light of Defendants' complete lack of connection to the District aside from its sales of the

accused product to Plaintiff. In the end, the Northern District of California's nexus to this case is not substantially stronger than the case's connection to Indiana. Defendants' defenses and allegations of gamesmanship can be addressed in either District. Therefore, Plaintiff's choice of forum and the situs of material events neither favor nor disfavor transfer.

### 2. Relative Ease of Access to Sources of Proof

Both parties contend simultaneously that their opponent will only be required to produce minimal evidence in the litigation of this case while they will be required to amass voluminous evidence to support their position. Both cannot be correct. And neither provides any authority to help the Court discern which party may have the heavier evidentiary burden. Moreover, the Court assumes that much of the relevant communications and documentary evidence is easily accessible electronically in this technological age. Defendants' attempt to tip the scale in favor of California by asserting that key third-party witnesses reside in China also fails given technological software like Skype that can help mitigate the geographic gap between China, California, and Indiana. With nothing more, the Court is not convinced that ease of access favors either district.

### 3. Convenience of the parties

This factor involves the consideration of the parties' respective residences and their abilities to bear the expense of trial in a particular forum. *Coll. Craft Cos., Ltd. v. Perry*, 889 F. Supp. 1052, 1056 (N.D. Ill. 1995). Courts should avoid transfer when it merely shifts inconvenience from one party to another without sufficient cause. *Research Automation*, 626 F.3d at 979; *see also Law Bulletin Pub., Co. v. LRP Publications, Inc.*, 992 F. Supp. 1014, 1019 (N.D. Ill. 1998). In addition, "[c]ourts typically presume that witnesses who are parties' employees and paid experts will appear voluntarily and therefore are less concerned about the

burden that appearing at trial might impose on them." *Abbott Labs. v. Church & Dwight, Inc.*, No. 07 C 3428, 2007 WL 3120007, at *4 (N.D. Ill. Oct. 23, 2007). Here, all three parties are corporations with business activity nationally, if not globally. Any burden on their employees or paid experts appears minimal given the corporations' large geographic footprints. Moreover, nothing in the record shows that unique circumstances would cause any party a hardship to litigate outside their home state. *See Law Bulletin Pub., Co.*, 992 F. Supp. at 1019 (relying upon its analysis of hardship on parties rather than mere inconvenience to the parties in deciding whether transfer was warranted). As such, sufficient cause has not been shown to justify shifting the inconvenience of litigation from Plaintiff to Defendants.

    **4.**  **Convenience of the witnesses**

The convenience of witnesses is often considered the most important factor in the convenience analysis, and courts consider everything from the number of witnesses to their willingness to appear. *Omnisource Corp. v. Sims Bros., Inc.*, No. 1:08-CV-89, 2008 WL 2756345, at *6 (N.D. Ind. July 14, 2008). In determining whether the convenience of witnesses favors transfer, courts "must look to the nature and quality of the witnesses' testimony with respect to the issues of the case." *Law Bulletin Pub., Co.*, 992 F. Supp. at 1018 (citing *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1168 (N.D. Ill. 1995)). Courts need not consider the convenience of unidentified witnesses. *Law Bulletin Pub., Co.*, 992 F. Supp. at 1018 (citing *Vandeveld*, 877 F. Supp. at 1167–68).

Key here are Defendants' third-party witnesses from China. Defendants only identify them generally as Yuqing ZhuoPin Meter Co., Ltd., a company in China. The Court cannot discern who or how many of these Chinese witnesses there will be. Similarly, Defendants identify generally the topic of their testimony as the sale and manufacture of the MAGRFHELIC

products, but with no authority to show the Court how central these witnesses will be to this litigation. In the end, however, the Chinese third-party witnesses are willing to travel to California. While the travel from California to Indiana is necessarily longer, it is not so dramatic as to persuade the Court that Indiana is inconvenient.

### B. Interest of Justice

An assessment of the interest of justice focuses on the efficient administration of the court. *Research Automation Inc.,* 626 F.3d at 978. Factors that are relevant to this analysis include: (1) the speediness of trial in either jurisdiction; (2) each court's familiarity with the relevant law; and (3) each location's relationship to the controversy. *Id.*

Statistics cited by the parties show that the Northern District of California gets its civil cases to trial after a median time of 26.1 months while this Court does so in 52.1 months. Despite the Northern District of California's higher caseload, a trial in the California court would likely arise more quickly. However, neither party challenges either court's familiarity with the relevant law. The parties do debate each court's relationship to the claims raised in this case.

Not surprisingly and not wrongly, the parties each argue that its state has a strong—and presumably overriding—interest in this case because of its location and ties to each local community. The parties essentially repeat their choice of forum arguments to try and convince this Court to favor their local court. Notably, Plaintiff also relies upon Wal-Mart.com's return policy to show that customers can return Wal-Mart.com purchases to any brick-and-mortar Wal-Mart store. Plaintiff's argument is weak at best, however, because Wal-Mart.com's return policy does not allow customers to return items purchased through their website from a third-party seller like Tasharina. Regardless, both California and Indiana have strong interests in

encouraging and protecting corporations located in their states. The interests of justice are not served more by one forum than the other.

## III. CONCLUSION

### A. Defendants' Motion to Transfer

Venue is proper in both the Northern District of Indiana and the Northern District of California. As to the convenience of the parties and witnesses, the only factor that narrowly favors transfer is convenience of the third-party Chinese witnesses. Yet Defendants failed to provide sufficient facts and legal authority on all of the convenience factors to persuade the Court that the Northern District of California is clearly more convenient. *See Coffey*, 796 F.2d at 219–20. (7th Cir. 1986). As to the interests of justice, the median time to trial statistics suggest, but cannot guarantee, a speedier resolution of this case in the Northern District of California. Yet, both courts are sufficiently familiar with the relevant law and both courts have comparable local interests in the outcome of this case. Accordingly, this case will not be more efficiently administered in the Northern District of California.

Therefore, Defendants' motion to transfer is **DENIED**. [DE 23].

### B. Rule 16(b) Preliminary Pretrial Conference

On November 30, 2017, the deadline for the parties to file a Rule 26(f) Report of Parties' Planning Report as ordered by this Court passed. [*See* DE 22]. To date, no Rule 26(f) Report has been filed leaving the Court unable to prepare for the Rule 16(b) Preliminary Pretrial Conference currently scheduled for December 7, 2017. Accordingly, the Court now **VACATES** the Pretrial Conference [DE 22]. The Court **ORDERS** the parties to file a Rule 26(f) Report of Parties' Planning Report by **December 15, 2017**. The Court **RESCHEDULES** the Rule 16(b) Preliminary Pretrial Conference for **December 22, 2017**, at **11:30 a.m. (E.S.T.)**. The Court

**NOTES** that the parties' failure to comply with this Court's order has unnecessarily delayed this litigation and **ADVISES** the parties that future failures to comply with court orders could result in sanctions.

    **SO ORDERED.**

Dated this 6th day of December 2017.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge